UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

PATRICIA HEADINGS,

    Plaintiff,

v.

STEWARD MEDICAL GROUP, INC.,
a Foreign Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA HEADINGS ("Ms. Headings" or "Plaintiff") files this Complaint against Defendant, STEWARD MEDICAL GROUP, INC., ("SMG" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

1

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Indian River County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her mother's serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Headings worked for SMG as a CMA/Scribe from October 10, 2016, until her termination on December 3, 2020.

8. On August 11, 2020, Ms. Headings was approved for a period of intermittent unpaid FMLA leave, from August 17, 2020 through December 31, 2020, in order to treat and address her mother's serious health condition.

9. Ms. Headings attempted to utilize her intermittent FMLA leave in late September and early October of 2020, as necessitated to treat and care for her mother's serious health condition.

10. Ms. Headings's Supervisor at SMG, Michelle Senne, officiously overrode Ms. Headings's properly submitted Time Off Request, and changed the requested time period.

11. This constituted unlawful FMLA interference as it deprived Ms. Headings of FMLA leave she was otherwise entitled to take.

12. Ms. Senne's interference and retaliation based on Ms. Headings's utilization and/or attempted utilization of approved intermittent FMLA leave continued when Ms. Senne shared details of Ms. Headings's mother's health condition with Ms. Headings's co-workers in an attempt to embarrass and harass Ms. Headings with the intent of discouraging her to use less FMLA leave.

13. Ms. Senne issued Ms. Headings an entirely spurious disciplinary writeup on November 4, 2020, and failed to permit Ms. Headings to request the presence of a second SMG Manager when Ms. Headings rightly and wisely refused to affix her signature to the false document.

14. The November 4, 2020 writeup was in retaliation for Ms. Headings' use and/or attempted use of FMLA leave.

15. As a result, on November 5, 2020, Ms. Headings addressed written objections to SMG's Human Resources Department, objecting to SMG's relentless campaign of interference and retaliation based on her utilization and/or attempted utilization of her approved intermittent unpaid FMLA leave in order to treat and address her mother's serious health condition.

16. SMG's campaign of FMLA interference and retaliation culminated on December 3, 2020, when SMG informed Ms. Headings that SMG had terminated her employment.

17. The timing of Plaintiff's termination, immediately after availing herself to protected FMLA leave, and objecting to FMLA retaliation, demonstrates that Defendant interfered with and retaliated against Ms. Headings for exercising her FMLA rights.

18. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of FMLA leave Defendant's actions likewise constitute FMLA retaliation.

19. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

20. The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

21. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

22. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. At all times relevant hereto, Plaintiff was protected by the FMLA.

25. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

26. At all times relevant hereto, Defendant interfered with Plaintiff by, through its conduct, discouraging Plaintiff from taking FMLA leave she was entitled to take.

27. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff in her attempt to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- RETALIATION UNDER THE FMLA

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

32. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA protected leave.

33. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take leave pursuant to the FMLA.

34. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for her attempted use of FMLA protected leave or for her use of what should have been FMLA protected leave, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 6th day of October 2021.

Respectfully Submitted,

By**:/s *Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*